[No. 22595–2–I.   Division One.   May 14, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIE ALLEN HASTINGS, *Appellant*.

*Julie A. Kesler* of *Washington Appellate Defender Association* and *Catherine D. Shaffer* (of *Preston, Thorgrimson, Ellis & Holman*), for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Daniel Satterberg, Deputy,* for respondent.

WINSOR, J.—Willie Hastings appeals from a judgment and sentence for two counts of delivering cocaine. We affirm.

At 10:50 p.m. on November 4, 1986, police undercover narcotics officers Patricia Hayes and Nicholas Metz went to 610 21st Avenue in Seattle to buy controlled substances. Upon arriving, Hayes and Metz went to the door, knocked, and told the person who answered that they wanted to buy rock cocaine. The person at the door directed them to a man seated behind a table. After waiting in line, each officer purchased what appeared to be rock cocaine from the man at the table.

A subsequent field test indicated the substances purchased contained cocaine. Hayes and Metz prepared a search warrant affidavit for 610 21st Avenue. A magistrate issued the requested warrant.

Ten to twelve officers served the warrant at about 1:30 a.m. on November 5, 1986. The officers knocked on the door, identified themselves, announced that they had a search warrant, and demanded entry. After a delay of from "a few", to "15 seconds", the officers forced the door open. Inside they discovered approximately 18 people.

An officer directed Hastings and several other people to lie down on the floor. Hastings was later placed in handcuffs. At some point officers found a bindle of cocaine near Hastings.

Hastings was charged with two counts of unlawful delivery and one count of possession. The delivery charges were

based on the sales to Hayes and Metz. The possession charge was based on the bindle discovered near Hastings during execution of the search warrant. Hastings moved to suppress evidence; his motion was denied. The matter was tried before a jury which found Hastings guilty of the two delivery charges, but could not reach a verdict on the possession charge. The trial court later dismissed the possession charge.

Hastings contends that the undercover officers' initial entry into 610 21st Avenue was unlawful and that the trial court should have suppressed all evidence resulting from that entry. He argues that the trial court should have ruled that the officers' entry was unconstitutional because nothing in the record establishes that Hayes and Metz had "a justifiable and reasonable basis to suspect criminal activity" at that residence. *State v. Hashman,* 46 Wn. App. 211, 216, 729 P.2d 651 (1986), *review denied,* 108 Wn.2d 1021 (1987).

In *Hashman,* the court sought to balance the need to conduct undercover police investigations against an individual's right to privacy, and the need to guard against "the random selection of private homes as targets of ruses designed by the police to obtain entry for the purpose of generally looking around for any signs of criminal activity". *Hashman,* 46 Wn. App. at 215 (quoting *People v. Catania,* 140 Mich. App. 755, 767, 366 N.W.2d 38, 44 (1985), *rev'd,* 427 Mich. 447, 398 N.W.2d 343 (1986)). The *Hashman* court achieved this balance by holding that "when an officer has a justifiable and reasonable basis to suspect criminal activity in a residence, a ruse entry is permissible." 46 Wn. App. at 216. We have subsequently noted that the justifiable and reasonable suspicion standard is a "threshold requirement" for making a constitutional ruse entry into a private residence. *State v. Nedergard,* 51 Wn. App. 304, 308, 753 P.2d 526, *review denied,* 111 Wn.2d 1007 (1988).

Although evidence given at the suppression hearing may be inadequate to satisfy the justifiable and reasonable suspicion requirement of *Hashman,* we nevertheless affirm the

trial court's ruling. We do so on the ground that the constitutionally based *Hashman* requirement does not apply to the instant case.

█ Constitutional safeguards of the right to privacy are inapplicable to areas for which an individual does not have a reasonable expectation of privacy. *E.g., Lewis v. United States,* 385 U.S. 206, 211, 17 L. Ed. 2d 312, 87 S. Ct. 424 (1966); *State v. Drumhiller,* 36 Wn. App. 592, 595, 675 P.2d 631, *review denied,* 101 Wn.2d 1012 (1984). "Thus, if an individual has no reasonable expectation of privacy in a particular area, the police 'may enter on a hunch, a fishing expedition for evidence, or for no good reason at all.'" *State v. Petty,* 48 Wn. App. 615, 620, 740 P.2d 879, *review denied,* 109 Wn.2d 1012 (1987) (quoting *State v. Bell,* 108 Wn.2d 193, 205, 737 P.2d 254 (1987) (Pearson, J., concurring in the result)). An individual has no reasonable expectation of privacy in a home

> converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business[;] that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street. A government agent, in the same manner as a private person, may accept an invitation to do business and may enter upon the premises for the very purposes contemplated by the occupant.

*Lewis,* 385 U.S. at 211, *quoted in Nedergard,* 51 Wn. App. at 310.

Here, Hayes and Metz "knocked on the door of the residence and inquired about making a purchase of [rock cocaine] and were let inside the premises."[1] This is sufficient to support a conclusion that the premises at 610 21st Avenue were a center for transacting unlawful business, and thus were not an area in which the occupants had a constitutionally protected expectation of privacy. *Lewis,* 385 U.S. at 211; *cf. Petty,* 48 Wn. App. at 620. *Hashman* is therefore inapplicable.

---

[1]The trial court entered a finding of fact to this effect which is not challenged on appeal. It is therefore a verity. *State v. Harris,* 106 Wn.2d 784, 790, 725 P.2d 975 (1986), *cert. denied,* 480 U.S. 940, 94 L. Ed. 2d 781, 107 S. Ct. 1592 (1987).

The judgment and sentence are affirmed.

The remainder of this opinion has no precedential value. Therefore, it will not be published, but has been filed for public record. *See* RCW 2.06.040; CAR 14.

SWANSON and WEBSTER, JJ., concur.

Review granted at 115 Wn.2d 1007 (1990).